# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| ARIES SINCLAIR, next friend of Morris L. Wren,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MCLEAN COUNTY BOARD, JOHN/JANE DOES McLean County Recorder, Clerk, Treasurer, Tax Collector, Trustee, Tax Assessor, BANK OF AMERICA CAPITAL CORPORATION, KEVIN TUUK, HABITAT FOR HUMANITY of McLean County, and COUNTRYWIDE HOME LOANS, INC., Subsidiary of Bank of America Capital Corporation,<br><br>　　　　Defendants. | Case No. 20-1082 |

## ORDER AND OPINION

This matter is now before the Court on Motions to Dismiss Plaintiff's Complaint filed by Defendants McLean County Board, John/Jane Does from the McLean County Recorder, Clerk, Treasurer, Tax Collector, Trustee, and Tax Assessor (collectively known as "McLean County"), Bank of America Capital Corporation ("BACC"), Kevin Tuuk ("Tuuk"), Habitat for Humanity of McLean County ("Habitat"), and Countrywide Home Loans, Inc. ("CHLI"). ECF Nos. 23, 26, 30, 32, 45. Defendant BACC has also filed a Motion for Extension of Time to File Exhibit. ECF No. 42. For the reasons stated below, Defendants' Motions to Dismiss are GRANTED and Defendant BACC's Motion for Extension of Time is MOOT.

## BACKGROUND

Aries Sinclair ("Plaintiff") has asserted a fiduciary capacity and has brought forth her Complaint as next friend on behalf of Morris L. Wren ("Borrower") regarding real properties.[1] The real properties at issue are: 1104 S. Oak Street, Bloomington, Illinois (the "1104 Property") and 1104 ½ S. Oak Street, Bloomington, Illinois (the "1104 ½ Property") (collectively known as "Properties"). The property index number ("PIN") for the 1104 Property is 21-09-158-014 and the PIN for the 1104 ½ Property is 21-09-158-015.

Borrower executed a warranty deed on the Properties and used CHLI as the lien holder and escrow agent for the payment of property taxes. On May 31, 2001, the deed was recorded in the official record of McLean County in deed book 45. On January 14, 2004, CHLI executed a Release of Mortgage or Trust Deed by Corporation ("Release of Mortgage") in which it formally remised, released, conveyed, and quit claimed the Properties to Borrower. On January 30, 2004, the Release of Mortgage was recorded in the Recorder's Office, McLean County, Illinois. The first page of the Release of Mortgage listed the full PIN of the 1104 Property, but not for the 1104 ½ Property. At the same time, the Release of Mortgage included a section titled "Legal Description Attached" containing the following information:

> Tract 1: The South 64 1/2 feet of Lot 3 in Assessor's Subdivision of Block 12 in James Miller's Addition to the City of Bloomington, in McLean County, Illinois.
> Tract 2: The North 1/2 of Lot 6 in Assessor's Subdivision of Block 12 in James Miller's Addition to the City of Bloomington, in McLean County, Illinois. Tax #21-09-158-014; Book 45. Tax #21-09-158-015; Book 45.

Plaintiff asserts that, by omitting the PIN for the 1104 ½ Property on the first page, it was never formally remised and released to Borrower. As a result, the tax bills were never sent to Borrower. Instead, the bills were sent to CHLI for the 2004-2009 tax years. According to Plaintiff,

---

[1] The facts in the Background section are derived from Plaintiff's Complaint and Amended Complaint. ECF Nos. 1, 35.

Borrower was notified that his property was sold in a tax sale in 2006, but Borrower later redeemed the property through the McLean County Clerk on May 8, 2006. Plaintiff contends that despite the redemption in 2006, the McLean County Treasurer and Collector continued to send tax bills to CHLI in 2007 and 2008. Plaintiff states that Borrower received a tax bill in 2009 from McLean County that was due on June 8, 2009, and payment was recorded on June 12, 2009.

On August 5, 2009, the 1104 ½ Property was deeded to Charles Bellemey ("Bellemey") at a public sale of real estate for non-payment of taxes. Plaintiff also believes Borrower redeemed the property from Bellemey in 2006. On September 9, 2009, the deed was recorded in McLean County. Plaintiff asserts Borrower purchased the 1104 ½ Property from Bellemey in 2010, but Bellemey continued to receive tax bills for this property and did not forward them to Plaintiff. On October 2, 2012, at Borrower's request, Plaintiff contends that Bellemey executed a warranty deed to Metro Bible and Health Center, a church in Bloomington, Illinois.

On November 12, 2012, the 1104 ½ Property entered lis pendens status. Plaintiff asserts that around this time, Bellemey executed a warranty deed for this property while it had overdue taxes and was in the process of being sold to a bank or trustee. On October 21, 2014, the 1104 ½ Property was sold to Tuuk at a trustee sale held by the McLean County Board. Additionally, the McLean County Clerk deeded the property to Tuuk pursuant to a tax deed.

On March 1, 2020, Plaintiff filed pro se a Complaint seeking punitive damages and declaratory judgment that the 1104 ½ Property be returned. ECF No. 1. Plaintiff asserted four claims: (1) a violation of the Fifth Amendment against all Defendants for denying Plaintiff due process resulting in an unlawful taking of property (Count I); (2) declaratory relief against all Defendants to set aside and cancel Tax Deed No: 2010-TX-1 (01), Warranty Deed No: 2009-00028831, Warranty Deed No: 2014-00020123, Quitclaim Deed No. 2020-2607, and to restrain

and enjoin Defendant Habitat from acting on any such property deeds (Count II); (3) breach of fiduciary duty against CHLI for failing to forward tax bills to Borrower, and against McLean County for failing to accurately record the Release of Mortgage (Count III); and (4) unjust enrichment against Defendants Tuuk and Habitat resulting from the tax sale and use of the 1104 ½ Property (Count IV). *Id.* On May 1, 2020, Defendant BACC filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 23. On May 4, 2020, Defendant Tuuk filed a Motion to Dismiss under Rule 12(b)(6). ECF No. 26. On May 6, 2020, Defendant McLean County filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). ECF No. 30. On May 14, 2020, Defendant Habitat filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). ECF No. 32. On June 15, 2020, Plaintiff filed an Amended Complaint. ECF No. 35. The allegations remained the same other than Plaintiff amending Count III from a breach of fiduciary duty to a claim of gross negligence against CHLI. *Id.* at 7. CHLI was also added to the caption. *Id.* at 1. On June 15, 2020, Plaintiff filed a response to Defendant BACC's Motion to Dismiss. ECF No. 36. On July 1, 2020, Plaintiff filed her response to the remaining Motions to Dismiss. ECF No. 39. On July 7, 2020, Defendant BACC filed a Motion for Extension of Time to File Exhibit. ECF No. 42. On July 22, 2020, Defendant CHLI filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). This Opinion follows.

## STANDARD OF REVIEW

I.   **Motion to Dismiss Complaint**

When a plaintiff's amended complaint does not substantially differ from the original complaint, the court may rule on the defendant's motion to dismiss the original complaint. *See Miller v. United States,* No. 00-4009, 2000 WL 1141597, at *3 (C.D. Ill. June 5, 2000).

Here, the allegations against the Defendants who moved to dismiss Plaintiff's original Complaint have remained unchanged. The only difference from the original Complaint and the Amended Complaint is that Count III changed from a breach of fiduciary duty to a claim of gross negligence against CHLI, and CHLI was also added to the caption. Accordingly, the Court may proceed to analyze the Parties' arguments as if they were part of the same Complaint.

## II.    Rule 12(b)(1)

Dismissal under Rule 12(b)(1) is proper if a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss based on a plaintiff's alleged lack of standing is properly brought as a 12(b)(1) motion. *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856 (7th Cir. 1996); *Leskovisek v. Ill. Dep't of Transp.*, 305 F. Supp. 3d 925, 929 (C.D. Ill. 2018). When ruling on a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993). Additionally, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. Federal Deposit Insurance Corp.,* 999 F.2d 188, 191 (7th Cir. 1993) (internal quotations and citation omitted). When the court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## III.    Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is

plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

When evaluating a motion to dismiss, courts must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 678.

Moreover, in ruling on a motion to dismiss under Rule 12(b)(6), a court may not consider extrinsic evidence. *See* Fed. R. Civ. P. 12(b)(6). If a court considers matters outside of the pleadings, "the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(12)(d). However, a court may "take judicial notice of matters of public record," *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991), and it may do so without converting a motion to dismiss into one for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012)*; Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). This exception has allowed courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard. *Gen. Elec. Capital Corp.*, 128 F.3d at 1081. At the same time, plaintiffs have more flexibility when opposing a 12(b)(6) motion and may assert new facts in their briefs opposing the motion. *Geinosky v. City of Chicago*, 675

F.3d 743, 745 n.1 (7th Cir. 2012); *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 79 (7th Cir. 1992). "Such documents are not evidence, but they provide a way for a plaintiff to show a court that there is likely to be some evidentiary weight behind the pleadings the court must evaluate." *Roe v. Bridgestone Corp.*, 492 F. Supp. 2d 988, 1007 (S.D. Ind. 2007).

Here, Defendant BACC attached four exhibits to their Motion to Dismiss. ECF Nos. 23-1 – 23-4. The exhibits consisted of the following: (1) two documents containing parcel information for the Properties; (2) the mortgage on the Properties recorded by the McLean County Recorder; and (3) the Release of Mortgage, also recorded by the McLean County Recorder. *Id.* Defendant Habitat attached the quitclaim deed which shows Defendant Tuuk conveying the 1104 ½ Property to Habitat. ECF No. 40. Since these are documents that are part of the public record, the Court will take judicial notice and consider them without converting the present Motions to Dismiss to a motion for summary judgment.

Plaintiff introduced nine exhibits as part of her response to Defendants' Motions to Dismiss. ECF Nos. 41 – 41-8. The exhibits consisted of the following: (1) a recording in McLean County of an assignment of the mortgage to CHLI; (2) the Release of Mortgage; (3) 2004-2012 tax bills; (4) a letter from Metro Bible and Health Center notifying the Tax Assuror and Trustees Legal Service that the tax bills for an unspecified property should be sent to Borrower; (5) instructions from the McLean County Treasurer regarding how to pay property taxes; (6) a recorded deed conveying the 1104 ½ Property to Bellemey following a public sale for real estate; (7) a warranty deed signed and executed by Bellemey to Metro Bible and Health Center; (8) a letter to Borrower from his nursing home facility regarding Covid-19 precautions; and (9) a police report documenting a criminal financial exploitation of Borrower. *Id.* The Court will not take judicial notice of the letter from the nursing home because it is a personal letter and not part of the

public record. ECF No. 41-7. The Court will accept the letter from Metro Bible and Health Center notifying the recipient that tax bills should be sent to Borrower, because Plaintiff has flexibility in providing documents that may have some evidentiary weight when opposing a Rule 12(b)(6) motion. *See Geinosky*, 675 F.3d at 745 n.1; *see also Roe*, 492 F. Supp. 2d at 1007; ECF No. 41-3. The remaining exhibits submitted by Plaintiff are documents that are part of the public record; accordingly, the Court will take judicial notice and consider them without converting the present Motion to a motion for summary judgment. ECF Nos. 41 – 41-2; 41-4 – 41-6; 41-8.

## ANALYSIS

I. **Standing**

   a. **Next Friend**

Defendant BACC claims that Plaintiff lacks standing under Rule 12(b)(1) to bring the Complaint as Borrower's next friend because Plaintiff has not pled sufficient facts to establish such a relationship. BACC recognizes Federal Rule of Civil Procedure 17(c)(2) as permitting a next friend to sue on behalf of an incompetent person without a duly appointed representative; however, BACC argues that Plaintiff's allegations that she serves in a fiduciary capacity for Borrower, who is a retired minister with Asperger's Syndrome, does not satisfy the requirements of Rule 17(c)(2) and *Whitmore v. Arkansas*, 495 U.S. 149 (1990). Defendants Habitat and McLean County join this argument and incorporated it in their Motions. Plaintiff contends that Borrower is eighty-five years old "with limited communication and social skills." ECF No. 36 at 4. She asserts that she has a significant relationship with Borrower who is currently in a nursing home receiving care. Plaintiff states that she has a power of attorney and has managed Borrower's financial interests since November 2017.

Standing is an essential element that allows a party to adjudicate the case. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing assesses whether the litigating party is entitled to have the court decide the merits of the case or particular issues. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). In order to satisfy the standing requirement, the plaintiff must allege: (1) an injury in fact, which is concrete and particularized and actual or imminent, (2) the injury must be fairly traceable to the defendant's conduct, and (3) "likely to be redressed by the requested relief." *Hein v. Freedom From Religion Foundation, Inc.*, 551 U.S. 587, 598 (2007); *Lujan*, 504 U.S. at 560-61. The burden is on the party invoking federal jurisdiction to establish these elements. *Travelers Property Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012).

Generally, plaintiffs must allege their own injuries to establish standing, but a next friend may sue on behalf of a minor or incompetent person who does not have a duly appointed representative. *Bria Health Servs., LLC v. Eagleson*, 950 F.3d 378, 384 (7th Cir. 2020). The next friend bears the burden "clearly to establish the propriety of his [or her] status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. To meet this burden, the person claiming standing as next friend must: (1) "provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf;" (2) be truly dedicated to the best interests of the real party; and (3) there must be a significant relationship. *Id.* at 163-64.

Here, the Court has determined that Plaintiff's allegations reflect that she does not have standing to sue as next friend. Even if Plaintiff qualified, precedent bars her from litigating pro se without the assistance of counsel.

9

The first prong of the *Whitmore* test requires an explanation why the real party cannot appear on his or her behalf. Plaintiff has alleged that Borrower is eighty-five years old, lives in a nursing home, has limited communication and social skills, and has Asperger's Syndrome. Since the Court must draw reasonable inferences in favor of the Plaintiff, it is reasonable to believe that a person who is eighty-five years old, living in a nursing home, and with Asperger's Syndrome likely requires assistance with daily activities. Thus, this is an adequate explanation to show why Borrower, the real party, cannot litigate the dispute and the first prong is satisfied.

The second prong of the *Whitmore* test requires a showing that the individual bringing the suit is dedicated to the best interests of the real party. To establish if the individual is dedicated to the best interests of the real party, it is helpful to consider how strong the relationship is between the plaintiff and real party. *See Coal. Of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1162 (9th Cir. 2002). The more attenuated the relationship, the less likely the plaintiff knows the real party's interests. *Id.*

Here, Plaintiff alleges she brings the suit in a fiduciary capacity, has managed Borrower's financial interests since 2017, and has a power of attorney over Borrower's finances. Assuming this is true, the relationship between the two parties is less attenuated than if they were strangers. Nonetheless, it is concerning that Plaintiff seeks a portion of the relief. Plaintiff has requested this Court award the "Plaintiffs" compensatory and punitive damages, court costs, and court related fees. ECF No. 35 at 9. While the first request explicitly states that Plaintiff is asking the Court to grant Borrower the deed to "subject real estate," the remainder of the requests groups "Plaintiffs" together which indicates that Plaintiff seeks a portion of the damages. *Id.* The alleged damages total $1,000,000. This calls into question Plaintiff's motivation to file on behalf of Borrower. Additionally, none of the documents filed by Plaintiff, including the Complaint, response, and

exhibits, have Borrower's signature; thereby, showing a lack of Borrower's participation in the litigation. This fact nourishes skepticism over believing Borrower's interests are being represented. *See Bria Health Servs., LLC*, 950 F.3d at 385 (showing hesitancy to believe party bringing suit on behalf of nursing home patients, who had never been involved in litigation, represented patients' best interests). Similar to the court in *Bria Health Services*, the Court has doubts that the Borrower's best interests are being represented. Accordingly, the second prong is not satisfied.

Even if the Court found the second prong satisfied, Plaintiff cannot satisfy the third prong of the *Whitmore* test. The third prong requires that there be a significant relationship between a plaintiff and the real party. Those relationships which are generally accepted include: parents, siblings, conservators, or guardians. *See T.W. by Enk v. Brophy*, 124 F.3d 893, 897 (7th Cir. 1997). There is no categorical prohibition on a stranger acting as a next friend, but there is a presumption against "an exception" and that person must make a strong case as "bare allegations in a complaint won't do". *Id.*

Here, Plaintiff is neither a parent, sibling, conservator, nor a guardian. Instead, Plaintiff alleges that she is serving on behalf of Borrower in a fiduciary capacity and manages Borrower's financial interests after he was criminally financially exploited. While Plaintiff has provided a police report documenting that Borrower was criminally financially exploited, the report does not factually demonstrate that Plaintiff manages Borrower's financial interests. The Court is mindful of the well-settled principle that when interpreting a pro se motion, district courts have a "special responsibility" to construe such pleadings liberally, i.e. with an "understanding eye." *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996). At the same time, a court is not to act as an advocate. *See Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019). It follows that the Court cannot connect for Plaintiff that the police report conclusively indicates Plaintiff manages

Borrower's financial interests. Moreover, accepting that Plaintiff may have a power of attorney over the Borrower's financial interests, that also does not automatically qualify her to have next friend standing. Courts have often dismissed a power of attorney as establishing a significant relationship to have next friend standing, unless the plaintiff possesses a legitimate interest related to the remedy sought in the case. *Compare Vassen v. United States*, No. 15-243-DRH, 2015 WL 5782343, at *8 (S.D. Ill. Oct. 5, 2015) (Illinois property power of attorney was insufficient to establish next friend standing), *with Johnson-Ester v. Elyea*, No. CIV.A. 07 C 4190, 2007 WL 3046155, at *3 (N.D. Ill. Oct. 10, 2007) (health care power of attorney was sufficient to establish next friend standing because plaintiff was the mother of the real party and her duty as her son's health care agent mirrored the remedy-sought improved medical care). Plaintiff has not provided any allegations that demonstrate her power of attorney over Borrower's financial interests relate to the Properties at issue, or how the remedies sought relate to her duties as Borrower's power of attorney. Accordingly, the third prong is not satisfied.

Assuming, arguendo, that Plaintiff satisfied the *Whitmore* requirements of next friend standing, Seventh Circuit decisions have prohibited similar cases from proceeding where the plaintiff litigates pro se without counsel. The Seventh Circuit has examined the connection between the next friend and real party in interest and articulated that a purported next friend is prohibited from litigating pro se on behalf of another without the assistance of counsel. *Elustra v. Mineo*, 595 F.3d 699, 704-5 (7th Cir. 2010) ("[R]epresentative parties such as next friends may not conduct litigation pro se."). This rule exists to protect the rights of the represented party, and recognizes "a party may be bound, or his rights waived, by his legal representative." *Id.* at 705; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). There is a heightened concerned where the other person is unable to speak for himself or herself. *Elustra*, 595 5.3d at 706.

Furthermore, the "holder of power of attorney is not authorized to appear pro se on behalf of the grantor." *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002). While there are some instances where a party may file on behalf of another as a next friend, "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).

There is no indication in the record that Plaintiff contacted or filed with an attorney. Plaintiff is the only person to have signed and filed all pleadings, motions, and submissions of exhibits. With these principles in mind, coupled with the fact that Plaintiff is filing the Complaint pro se, Plaintiff has not established that she has standing to file on Borrower's behalf. The plaintiff suing as a next friend must "*clearly* meet the burden." *Whitmore*, 495 U.S. at 164 (emphasis added). When a stranger brings a suit on behalf of another, that person must present a strong case to overcome the presumption against recognizing standing. *T.W. by Enk*, 124 F.2d at 897.

Based on the foregoing, Plaintiff is prohibited from litigating the current matter on behalf of Borrower and Defendants' Motions are granted. This case is dismissed without prejudice and the Court will grant Plaintiff leave to obtain representation by an attorney. Plaintiff shall have thirty-five (35) days from the date of this Order and Opinion to find an attorney. Once attorney representation is obtained, Plaintiff may also file an amended complaint addressing the issues in this Order and Opinion, if they can do so in good faith. If Plaintiff does not obtain representation within the time specified, the Court will dismiss the matter with prejudice.

## II.     BACC's Motion for Extension of Time to File Exhibit

On July 1, 2020, the Court entered a Text Order directing Plaintiff and Defendant Habitat to file the exhibits mentioned in their motions, but that were missing from the docket. Text Order 7/7/2020. On July 7, 2020, Defendant BACC filed a Motion for Extension of Time to File Exhibit

noting that a promissory note was mentioned in their Motion to Dismiss but not included as an exhibit. The Court did not direct Defendant BACC to file any additional exhibits, nor were any required as the Motion to Dismiss was fully submitted with exhibits on May 1, 2020. Additionally, the Court has determined that Plaintiff has no standing to bring this instant action. Based on the foregoing, Defendant BACC's Motion for Extension of Time is moot.

## CONCLUSION

For the reasons stated above, Defendants' [23], [26], [30], [32], and [45] Motions to Dismiss are GRANTED. Defendant BACC's [42] Motion for Extension of Time to File Exhibit is MOOT. This case is dismissed without prejudice and the Court will grant Plaintiff leave to obtain representation by an attorney. Plaintiff shall have thirty-five (35) days from the date of this Order and Opinion to find an attorney (8/26/20). Once attorney representation is obtained, Plaintiff may also file an amended complaint addressing the issues in this Order and Opinion, if they can do so in good faith. If Plaintiff does not obtain representation within the time specified, the Court will dismiss the matter with prejudice.

ENTERED this 22nd day of July, 2020.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge